Peter R. Afrasiabi, Esq. (Bar No. 193336)
  pafrasiabi@onellp.com
John Tehranian, Esq. (Bar No. 211616)
  jtehranian@onellp.com
Ian H. Gibson, Esq. (Bar No. 273444)
  igibson@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
Lickerish. Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LICKERISH, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THEHOLLYWOODGOSSIP.COM, business form unknown; MEDIAVINE, INC., a Florida Corporation; and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Lickerish, Inc. ("Lickerish"), by and through its attorneys of record, complains against TheHollywoodGossip.com ("THG"), Mediavine, Inc. and DOES 1 through 10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the acts of infringement complained of herein occurred in this Judicial District, the injury suffered by Plaintiff took place in this Judicial District, and the Defendants may be found and/or transact business in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

4. This Court has personal jurisdiction over Defendants. Specifically, Defendants have engaged in direct, contributory, vicarious, and/or otherwise induced acts of copyright infringement in this judicial district. Further, Defendants have engaged in continuous and systematic business in California and, upon information and belief, derive substantial revenues from commercial activities in California. Plaintiff is informed and believes and, upon such, alleges that Defendants have also engaged in a multiplicity of acts directed toward California, including without limitation: soliciting and engaging in numerous commercial transactions with California businesses, publishing advertisements on www.thehollywoodgossip.com geo-targeted to California users, and using the lure of infringing materials to openly encourage California users to visit www.thehollywoodgossip.com. As a result, there is a direct and substantial nexus between Lickerish's claims in this case and Defendants' transaction of business with Californians.

# PARTIES

5. Plaintiff Lickerish is a California corporation with its offices and principal place of business in Westlake Village, California.

6. Plaintiff is informed and believes and, upon such, alleges that THG is a business, form unknown, with a listed corporate address at 2510 NE 47th St. Lighthouse Point, FL 33064. On information and belief, THG does business under the name "The Hollywood Gossip" and "thehollywoodgossip.com" as an owner and operator of the Internet website located at http://thehollywoodgossip.com.

7. Plaintiff is informed and believes and, upon such, alleges that Mediavine, Inc. is a Florida corporation with a listed corporate address at 2510 NE 47th St. Lighthouse Point, FL 33064. On information and belief, Mediavine, Inc. is an owner and/or operator and/or partner of THG.

8. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

# STATEMENT OF FACTS

*A. The Photos Forming the Subject Matter of This Dispute*

9. Lickerish is high quality photographic syndication company that specializes in celebrity portraiture, fashion, and beauty images. Their works feature some of the most recognizable individuals in the world.

10. Mr. Willy Camden, an owner and operator of Lickerish, is a renowned international photographer whose career has spanned over twenty years. He is recognized as one of the leading celebrity and fashion photographers in the world and his services are

in high demand. Over the years, he has developed his own unique and unmistakable style and his work has been featured in numerous magazines such as GQ, Style Magazine, Maxim, Glamour, and Night & Day, among many others.

11. Entrusted with the task of curating several celebrities' professional images, Mr. Camden continuously and emphatically delivers. Among the vast body of work that Camden has authored are Plaintiff's captivating shots of Katherine Heigl (hereinafter, collectively "the Photos"), which form the subject matter of this suit and are attached hereto as **Exhibit A**. The Photos were prominently and famously featured in the June 2000 edition of Maxim magazine.

12. The Photos were registered with the United States Copyright Office on or about June 19, 2012 under registration number VA 1-823-023.

13. All rights, title and interests in the Photos, including copyrights, were assigned by Mr. Camden to Plaintiff Lickerish.

## B. *The Defendants and their Infringement*

14. Plaintiff is informed and believes and, upon such, alleges that, under the name "The Hollywood Gossip" and "TheHollywoodGossip.com," Defendants own and operate a commercial website located at http://www.thehollywoodgossip.com (the "Website") that describes itself as "one of the Web's leading sources for celebrity gossip, news and information."

15. Mediavine, Inc. is a premiere entertainment network that has been in the business of creating popular websites with advertiser appeal since 2004. On information and belief, the Website is one of Mediavine, Inc.'s most successful to date.

16. Indeed, the Website is ranked by Alexa.com in the top 4,000 domestically (and in the top 10,000 globally) in terms of traffic rankings. Cubestat.com estimates the Website's worth at over $500,000 with more than 135,000 daily pageviews.

17. Plaintiff is informed and believes and, upon such, alleges that the Website generates significant revenue for Defendants from the sale of advertising.

18. Despite Defendants' economic resources and sophistication on basic matters of intellectual property law, Defendants have, on information and belief, violated federal law by willfully infringing the copyrights of Lickerish on the Website. Specifically, on or around November 30, 2012, Defendants reproduced, distributed and publicly displayed at least three of Lickerish's photos, and derivatives thereof, on the Website without permission, consent, or license from Lickerish, the rightsholder to the Photos. This infringement is only one recent example in Defendants' long history of brazen, unauthorized use of Lickerish's images.

19. In the marketplace, celebrity photographs such as those at issue in this case carry tremendous monetary value. Lickerish crafts images of celebrities at a significant cost and licenses these images to various third parties to create highly sought after feature spreads and/or advertising online and offline. The Photos had substantial monetary value for its author and owner, which was irreparably harmed by the actions of Defendants.

20. On information and belief, Defendants herein have driven massive traffic to their web properties in part due to the presence of the sought after and searched-for celebrity images. All of this traffic translates into significant ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

21. Plaintiff Lickerish incorporates here by reference the allegations in paragraphs 1 through 20 above.

22. Lickerish is the owner of the copyright to the Photos, which substantially consists of material wholly original with Plaintiff and which constitute copyright subject matter under the laws of the United States. Lickerish has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photos were timely registered with the United States Copyright Office. Attached hereto as **Exhibit B** is the U.S. Copyright Registration Certificate for the Photos.

23. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, on information and belief, will continue to infringe Lickerish's copyrights by reproducing, displaying, distributing and utilizing the Photos for purposes of trade in violation of 17 U.S.C. § 501 *et seq.* Attached hereto as **Exhibit C** are screenshots of the Website showing Defendants' infringement of at least three copyrighted works belonging to Plaintiff.

24. Defendants have willfully infringed, and unless enjoined, on information and belief, will continue to infringe Lickerish's copyrights by knowingly reproducing, displaying, distributing and utilizing the Photos for purposes of trade.

25. These acts of infringement are willful because, *inter alia*, the Defendants are sophisticated and have full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

26. On information and belief, Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Photos for purposes of trade, including increasing the traffic to the Website and, thus, increasing the advertising fees realized.

27. The actions of Defendants were and are continuing to be performed without the permission, license or consent of Lickerish.

28. The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Lickerish will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Lickerish's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

/ / /

/ / /

/ / /

6
**COMPLAINT**

29. As a result of the acts of Defendants alleged herein, Lickerish has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

30. Because of the willful nature of the copyright infringement, Plaintiff is entitled to an award of statutory damages equal to $150,000 per act of infringement (or $450,000.00 for all known works infringed).

31. Alternatively, at Plaintiff's discretion, Lickerish is entitled to actual damages in an amount to be proven at trial.

32. Plaintiff is also entitled to attorney's fees in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Lickerish's rights in the Photos.

2. Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that

improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

6. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  January 8, 2014                               **ONE LLP**

By:  /s/ Ian H. Gibson
Peter R. Afrasiabi, Esq.
John Tehranian, Esq.
Ian H. Gibson, Esq.
Attorneys for Plaintiff,
*Lickerish, Inc.*

## **DEMAND FOR JURY TRIAL**

Plaintiff Lickerish, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated:  January 8, 2014                    **ONE LLP**


By:  /s/ Ian H. Gibson
     Peter R. Afrasiabi, Esq.
     John Tehranian, Esq.
     Ian H. Gibson, Esq.
     Attorneys for Plaintiff,
     *Lickerish, Inc.*